# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**STEPHANIE PHILLIPS, individually and on behalf of her minor son, D.P.,**

    **Plaintiff,**

**v.**                                                                           **Case No. 8:09-cv-255-T-30EAJ**

**HILLSBOROUGH COUNTY SCHOOL DISTRICT,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Complaint with Incorporated Memorandum of Law (Dkt. #3). Plaintiff has not filed a response in opposition. The Court, having considered the motion, memoranda in support, and being otherwise advised in the premises, concludes that Defendant's motion should be granted.

### **Background.**

Plaintiff alleges that D.P. is an eight year old black male child with special educational needs who suffers from seizure disorders and ADHD (attention-deficit hyperactivity disorder). Plaintiff claims that Defendant failed to provide an educational program designed to meet her son's special needs. Plaintiff further claims that Defendant discriminated against

her son, because of his race and special educational needs. Plaintiff seeks to bring this action under 42 U.S.C. § 1983.

## Discussion.

In its motion to dismiss, Defendant Hillsborough County School District ("Defendant") moves for dismissal of the complaint based on Plaintiff's failure to exhaust her administrative remedies under the Individuals with Disabilities Act ("IDEA") prior to initiating proceedings in this Court.

The principle purpose of the IDEA is to assure that all children with disabilities have available to them a free appropriate public education which emphasizes special education and related services designed to meet the handicapped child's unique needs, and to ensure that the rights of handicapped children and their parents or guardians are protected. *See* 20 U.S.C. § 1400(c).

To carry out these objectives, the IDEA provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate. *Honig v. Doe*, 484 U.S. 305, 311-12 (1988). Under this scheme of procedural protections, parents are entitled to (1) examination of all relevant records pertaining to evaluation and educational placement of their child, (2) prior written notice whenever the responsible educational agency proposes, or refuses, to change the child's placement, (3) an opportunity to present complaints concerning any aspect of the local agency's provision of

a free appropriate public education, and (4) an opportunity for an "impartial due process hearing" with respect to any such complaints. *Id.* at 312.

In the event a party is dissatisfied with or aggrieved by the findings and decisions made after the impartial due process hearing, that party may obtain additional administrative review by the state educational agency. 20 U.S.C. § 1415(c). If that party is still dissatisfied or remains aggrieved after the administrative appeal, a judicial review is available in either state court or federal court to contest the decisions of the educational agency. 20 U.S.C. § 1415(e)(2).

"The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *N.B. v. Alachua County School Board*, 84 F. 3d 1376, 1378 (11th Cir. 1996), citing *Ass'n for Retarded Citizens of Alabama v. Teague*, 830 F.2d 158, 160 (11th Cir. 1987). "Key reasons for requiring the exhaustion of administrative remedies are as follows: (1) to permit the exercise of agency discretion and expertise on issues requiring these characteristics; (2) to allow the full development of technical issues and a factual record prior to court review; (3) to prevent deliberate disregard and circumvention of agency procedures established by Congress; and (4) to avoid unnecessary judicial decisions by giving the agency the first opportunity to correct any error." *Id.* In keeping with this philosophy, the IDEA requires exhaustion of the administrative remedies prior to bringing a claim to the Court. *See* 20 U.S.C. § 1415(i)(2)(A).

Parents can only file a federal suit under the IDEA when parents are aggrieved by the final order of an administrative due process hearing. *Id.* "This exhaustion requirement applies not only to an IDEA claim, but also to any other claims that could have been brought under the IDEA." *L.M.P. ex rel. E.P. v. School Board of Broward County, Florida*, 516 F.Supp.2d 1294, 1304 (S.D. Fla. 2007). Although the IDEA permits plaintiffs to seek remedies available under the Constitution, or other federal laws protecting the rights of children with disabilities, these complementary claims are also controlled by the exhaustion requirement." *Id.*; *see also Babicz v. Sch. Bd. Of Broward County*, 135 F.3d 1420, 1422, n. 10 (11th Cir. 1998) (The Eleventh Circuit held "any student who wants relief that is available under the IDEA must use the IDEA's administrative system, even if he invokes a different statute.")

In the complaint, Plaintiff does not allege that she exhausted her administrative remedies under the IDEA. Further, Plaintiff does not assert a claim under the IDEA, rather Plaintiff attempts to bring a discrimination claim pursuant to § 1983. Plaintiff's allegations, however, complain of injuries (i.e. Defendant's failure to provide a program meeting D.P.'s special educational needs) that would properly be addressed through IDEA administrative procedures. Simply pleading the claim as racial or special needs discrimination will not allow a plaintiff to circumvent the IDEA process if relief is available under the IDEA. *See L.M.P.*, 516 F.Supp. at 1304-1305.

Accordingly, this Court concludes that Defendant's motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies under the IDEA should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Complaint with Incorporated Memorandum of Law (Dkt. #3) is **GRANTED**.

2. In the event Plaintiff has exhausted her administrative remedies under the IDEA, Plaintiff is granted leave to amend the complaint within twenty (20) days of the entry of this Order.

3. If no amended complaint is filed within twenty (20) days of the entry of this Order, then the Clerk is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on May 12, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-255.mtd 3.wpd